| KAREN SCHINDLER | * | NO. 2022-CA-0533 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| DEREK T. RUSS AND THE HONORABLE DARREN LOMBARD | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**DLD**

## DYSART, J., DISSENTS AND ASSIGNS REASONS

I respectfully dissent from the majority opinion and would reverse the trial court's judgment. I would grant the petitioner's objection to the candidacy of Mr. Russ and find that he fails to meet the qualifications for the Judicial Office he seeks.

Mr. Russ filed qualifying documents to seek the position of Judge, Section D of Municipal and Traffic Court in Orleans Parish on July 22, 2022. The election is scheduled for November 8, 2022. The qualifications for the office of Judge, Municipal and Traffic Court in Orleans Parish, require that the candidate "shall have practiced law in the state for at least eight years preceding his election and shall be domiciled in the Parish of Orleans for at least two years prior to his election." La. R.S. 13:2492(A)(2). Although both parties in their briefs cited the date of the election, November 8, 2020, as the cutoff date for the two year domiciliary requirement, La. R.S. 18:451 provides otherwise. In pertinent part it states:

> **"In the event that the qualifications for an office include a residency requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any provision of law to the contrary."**

Accordingly, the domiciliary requirement period would be from July 22, 2020 through July 22, 2022, not November 8, 2022.

On July 29, 2022, a suit challenging the candidacy of Mr. Russ was filed by Karen Schindler in Civil District Court. The suit challenged Mr. Russ's representation in the qualifying document that he was domiciled in Orleans Parish for two years prior to the election. Trial in the matter was held on August 3, 2022, and after hearing testimony and taking evidence the trial court issued a judgment denying the petition. In part, the Court held:

> [B]ased on the testimony and evidence presented at the hearing, the Petitioner has failed to prove that Mr. Russ intended to remain at the Jefferson Parish address. As such the Petitioner has not satisfied its burden of proof and the objection to the candidacy of Derek Russ must be denied.

For the reasons that follow, I find that the trial court applied the incorrect burden in holding that the petitioner was required to prove that Mr. Russ intended to remain at the Jefferson Parish address. Rather, the plaintiff's burden should have been proving whether Mr. Russ was domiciled in Orleans Parish for two years prior to qualifying. And, if the plaintiff made a prima facie showing such, the court should have followed the ruling in *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So.2d 535, finding that the evidence presented shifted the burden to the defendant (candidate) requiring that he prove positive and satisfactory proof of his domicile.

Cases decided by our courts on candidate qualifications have consistently respected the principle that the law favors candidacy and should be liberally construed in favor of promoting rather than defeating the candidacy. However, the law is clear that one seeking this office must be domiciled in Orleans Parish for two years immediately preceding the election. It is not enough to merely fill out the candidacy form and swear to the facts contained therein. There is an additional burden if a qualified elector challenges that person's qualifications by producing

sufficient evidence to support a contrary conclusion regarding the candidates domicile. If so, the burden shifts to the candidate to prove otherwise.

In the matter before this Court, the plaintiff provided evidence that on November 8, 2007 defendant purchased a home located at 2439 Oxford Place, Gretna, Louisiana, in Jefferson Parish, and made a loan though FHA. That loan was secured by a mortgage which recited that Mr. Russ was domiciled at the address of the purchased/mortgaged property, 2439 Oxford Place, Gretna, Louisiana. It was further established by both documentation and the testimony of Mr. Russ that he executed a loan modification agreement for that same property on February 1, 2021. The loan modification agreement embodied all of the same conditions and representations that were made in the original document. Quite simply, his interest rate was reduced. Further evidence revealed that Mr. Russ's vehicles were registered at the Jefferson Parish address. Those vehicles included a Dodge Challenger and a Chevrolet Suburban which he purchased on August 7, 2020. Plaintiff Exhibit "2" is the vehicle registration issued to Mr. Russ registering the purchase of the Chevrolet Suburban on August 7, 2020 (within the requirement period). That registration lists the titled address of the vehicle at Oxford Place, La. 70056

Asked why when he made the Chevrolet Suburban purchase in 2020 using the Jefferson Parish address instead of the Orleans Parish address he testified: **"…that was the address on my license.**" Question: **"On your driver's license?"** Answer: **"Yes."**

The Suburban was registered at the Jefferson Parish address until he transferred it to the Orleans Parish address on December 23, 2020. Also on that same date, Mr. Russ executed a new voter registration, listing the Orleans Parish address. Mr. Russ also testified about his own bankruptcy proceedings held during 2018-2019. He admitted giving his address at 2439 Oxford Place in Jefferson

Parish as his domicile. Accordingly, under these facts and the holding in *Landiak*, I would find that the plaintiff produced sufficient evidence to support a contrary conclusion regarding the candidate's domicile, and shifted the burden to Mr. Russ to prove otherwise.

Every person has a domicile of origin until he acquires another. La. C.C. art. 44. Because there is a legal presumption against the change of domicile, a party seeking to show that domicile has been changed must overcome the presumption by presenting "positive and satisfactory proof of establishment of domicile as a matter of fact with the intention of remaining in the new place and of abandoning his former domicile." *Becker v. Dean*, 03-2493 (La. 9/18/03), 854 So.2d 864. Mr. Russ failed to offer any documentary evidence of the Orleans residence outside of the two-year domicile requirement period. The only documentary evidence he offered was a driver's license renewal (April 2022), a vehicle registration for the purchase of a Chevy Tahoe (April 2022), and a voter registration application (December 23, 2020), all of which were acquired within the two-year domicile requirement for candidacy.

Mr. Russ's own testimony and those of his witnesses failed to provide any proof that he changed his domicile to Orleans Parish on or before July 22, 2020. His own testimony was vague and inconclusive regarding his move back to the Pauger Street address in Orleans Parish. At best, he could only place his return sometime before his back surgery in August of 2020.

After being sworn and giving the address on Pauger Street in Orleans Parish, he was asked how long he had been domiciled at that address, to which he answered, **"So since—I had back surgery in August of 2020. Prior to my back surgery."** He testified that he received mail at the Pauger Street address but failed to produce one piece. He was asked if he was domiciled in Orleans Parish in 2019 and responded 2020. No date was given for his actual return only vaguely that it

was **"sometime before my back surgery (August 2020) I changed my domicile back to Pauger Street…."**

Mr. Russ's witnesses were equally non-persuasive. His cousin Brandy Fleming testified that she was aware that he moved into the Pauger Street address after his back surgery in August, 2020; however, she herself didn't live there until 2021. Mr. Russ's wife Zsatia Willis Russ testified that she and Mr. Russ were married on June 9, 2022. She testified that her address was on Crestmont Road in New Orleans, but Mr. Russ never lived with her and her five (5) children. She testified that she did visit the Oxford Place address in Jefferson parish to help Mr. Russ's mother but did not testify that she or her five (5) children ever visited Mr. Russ at the Pauger Street address. There was no testimony that Zsatia Willis Russ or her 5 children ever lived with Mr. Russ in Orleans Parish either before or after their marriage in June 2022.

Under these facts, I would find that the plaintiff proved a prima facie case and the burden to prove the two-year domicile requirement shifted to the defendant. Mr. Russ provided no documentary evidence to establish the two-year domicile requirement was met. Further, the testimony, including that of Mr. Russ himself, failed to provide any domicile in New Orleans prior to August of 2020.

To paraphrase the noted English philosopher G. K. Chesterton…but the explanation as a conjuring trick, if it is to satisfy me, will have to be better than the natural explanations I have heard. Simply put, I believe Mr. Russ conjured up his domicile in New Orleans since his childhood. His own truthful, natural explanations and documentation establish his domicile in Gretna as early as 2006. Reaffirmed in his bankruptcy in 2018-19, reaffirmed upon his refinancing the 2006 property in 2021, his vehicle purchase, August 7, 2020 wherein his driver's license was used to established the titled address for the Vehicle and finally his own

testimony at the very beginning and end where he admits " changing" his domicile by moving into the Pauger Street address.

Our Supreme Court in *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So.2d 535, reaffirmed that "[w]hen documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." I would therefore find that Mr. Russ has failed to carry the burden of rebutting the plaintiff's prima facie case.

For the reasons above, the trial court's judgment should be reversed and Mr. Russ should be disqualified as a candidate for failing to meet the domiciliary requirements of La. R.S. 13:2494(A)(2) and La. R.S. 18:451.